## TOLEDO V. EUGENE BUECHELE ET AL.

1. REASONABLE CHARGE FOR SUPERVISION OF WORK OF LICENSEE VALID.

Inasmuch as the duty devolves upon health officers to make some examination of premises from which it is proposed to remove the contents of privy vaults, and afterwards to see that the work has been properly done and then to see that the premises are properly disinfected, an ordinance providing a reasonable charge for such supervision, to be paid by persons engaged in the work of cleaning privy vaults, in addition to the regular license fee, together with a charge for collecting and the service of issuing the permit, would be legal.

2. CHARGE FOR EXPENSE OF DISINFECTING PREMISES ILLEGAL.

But a charge for permits issued by the board of health to persons licensed and engaged in the work of cleaning privy vaults, which is made to cover the expense of disinfecting the premises, which should fall upon the owner or occupant, or the municipal corporation, is illegal.

3. PAYMENT INVOLUNTARY, WHEN—

The payment of such fees is involuntary, and the same may be recovered back, where the party objects and protests generally against such exaction and is threatened at different times by the president of the board of health with

arrest and revocation of his license unless he pays for the permits; and it is not necessary, to make payments involuntary, that the objection and protest be made before the payment of each fee. Toledo v. Buechele, 10 Circ. Dec., 280, approved and followed.

4. CAUSE NOT BARRED IN ONE YEAR.

While the exaction of such fees by the board of health is an exercise of power in the nature of taxation, the cause of action is not governed by Sec. 5848, Rev. Stat., which is the statute of limitations (one year) relating to the recovery of illegal taxes and assessments; that statute relates to taxes and assessments levied by the authorities in the ordinary way, and not to such an unlawful exaction of fees. Toledo v. Buechele, 10 Circ. Dec., 280, approved and followed.

HEARD ON ERROR.

*M. R. Brailey*, for plaintiff in error.

*J. S. Wertman* and *E. P. Raymond*, for defendants in error.

PARKER, J.

The action below was by Eugene Buechele and Otto Buechele, partners, against the city of Toledo, to recover back certain fees exacted by the city of the plaintiffs below for permits to clean privy vaults. It is contended on behalf of the plaintiffs below, defendants in error, that this was an illegal exaction. It appears that after they had paid a license fee of ten dollars per year they were charged fifty cents for each permit for cleaning a vault, and this amounted for the period of one year and five months, to $294.50. It is conceded on behalf of the city that just one-half of this was an illegal exaction. The ordinance upon the subject provided for a fee of twenty-five cents for each permit and it is conceded that a resolution afterwards adopted by the board of health, providing for a charge of fifty cents, was beyond the power of the board of health, but it is contended by the city that the charge should be sustained for the amount legally exacted, that is to say, for one-half of the amount which was charged and paid.

The petition, among other averments, contains this: "Plaintiffs say that said moneys nor no part thereof was ever paid by said city for deodorizing or disinfecting the premises for which said permits were granted and for which charges were so illegally made and unlawfully obtained."

The answer is a general denial and also contains certain special defenses, one of which is, that this was a voluntary payment made on the part of the plaintiffs below; another, that by the statute of limitations the claim is barred.

We are very clear that, from the evidence, it was not made out that this was a voluntary payment, but quite the contrary. It is also clear that the statute of limitations interposed is not applicable to a claim of this character. I will spend no time in discussing these propositions because they are identical with those pased upon by the court in Toledo v. Hermann Buechele, 10 Circ. Dec., 280, and the case here, as to the voluntary payment and the statute of limitations is the same as it was there, and we adhere to our opinion, then announced upon those subjects.

But we are asked to give further consideration to the question whether this is an illegal exaction, and I will speak of that briefly. The decision in the other case was based to a large extent upon the

decision by our Supreme Court in Mays v. Cincinnati, 1 Ohio St., 268, in which it is said :

"The power of taxation being a sovereign power, can only be exer-cised by the general assembly when and as conferred by the constitution, and by municipal corporations only when unequivocally delegated to them by the legislative body."

And it was held in that case that an exaction similar to the one in question could not be maintained and was not legal, because it was undertaking to raise revenue by a form of taxation under the name and pretense of license.

Now this holding as to the power of the legislature over the subject of taxation, has been very much modified by a decision to be found in Baker v. Cincinnati, 11 Ohio St., 534, and also in Marmet v. State, 45 Ohio St., 63; but so far as it applies to municipalities, we do not find that there is any modification of the rule laid down in Mays v. Cincinnati, that a municipality cannot exercise the power of taxation, whether under the guise of a license or otherwise, except when the power to do so is unequivocally delegated to it by the legislative body, and it is contended on behalf of the defendants in error that this is, upon the face of it, an attempt by the city to derive a revenue from this business and not simply to exact a license fee, which will cover the necessary expenses of the issuing of the permits, or of properly authorizing the business to be carried on and the necessary expenses of supervising or overseeing the business so that no harm shall result from it.

Upon the averment of the petition that no part of this fee was used to defray the expense of disinfecting the premises with respect to which the permits had been given, there was no evidence produced on this trial either on behalf of the plaintiff or on behalf of the city. In the other case which was before us there was evidence tending to show that the money was not so expended; but here we have none. Under such cir-cumstances the question is involved as to where the burden of proof rests. The averment is in the petition, and ordinarily what is averred in the petition is a part of the plaintiff's case that he would be required to make out. On the other hand, the information upon the matter is pe-culiarly within the knowledge of the city. The evidence, if offered by the plaintiff, would be of a negative character. Positive or even compe-tent evidence might not be available to the plaintiff, and, under such cir-cumstances, it is sometimes held that the burden of proof is shifted to the other party.

But we do not feel called upon to pass upon this question as to the burden of proof. We have only this evidence upon the subject; that there was a provision in the city ordinances for such an expenditure of the fund derived from the exaction of these fees. Section 84 of a cer-tain ordinance upon the subject reads as follows :

"No person shall remove the contents of any privy vault, except by written permission had of the board of health, for which permit a fee of twenty-five cents shall be paid by the applicant and the money so re-ceived shall in each instance be expended, under direction of the board of health, in disinfecting the premises for which said permit was given."

And that provision being contained in the ordinances, perhaps, in the absence of any evidence upon the subject, the presumption should obtain and be given effect, that the officers properly discharged their duty in expending the revenue accordingly.

·Another section introduced in ·evidence was that providing for a license fee of ten dollars per year to be exacted every year:

"Every person, firm or corporation who shall empty, clean or remove the contents of privy vaults or catch-basins for hire within the city of Toledo, shall pay a license fee of $10.00 per annum."

The license fee was regularly paid by the plaintiff below. The permit was so called upon its face, and it was a permit in each instance to remove the contents of a certain privy on certain premises, and, during this period of one year and five months, 589 of these permits had been issued to the defendants in error, at a charge of fifty cents each, which ·amounted to $294.50. That was exacted in addition to the license fee of $10.00 per year.

Now if it should be made to appear that this amount of expense would devolve upon the city in consequence of this business being carried on in the city by the defendants in error, that is to say, in consequence of their acts in the premises, as something incident directly and primarily to their conduct of the business, we are not prepared to say that such an exaction might not be lawfully made.

But the need of disinfecting the privy vaults is not produced, primarily, by any act of the persons who remove the contents. They perform a part of the work of removing that which is obnoxious; the city, by disinfecting the premises, performs another part. There seems to us to be no good or valid reason why the person who removes the contents of a privy should be obliged to pay this part of the cost of cleaning up the premises. If this·imposition is legal, it is not apparent to us why the imposition of the costs of disinfecting the contents of privy vaults and other things provided for in the ordinance to be paid for by the owner or occupier of the premises, might not as well be imposed upon the person who removes the contents, or, indeed, why even the cost of removing the contents of the privy vault might not as well be imposed on one who engages in the business of removing such contents. If this charge were to meet the expense of removing or disinfecting something placed on the premises or on the street by the carter in the performance ·of his work, the exaction might be justified and might be legal.

An ordinance providing a reasonable charge for supervising their work and removing the bad effects for which they are primarily responsible and covering the costs of the issuing of the permits, may be legal. It seems that it does devolve upon the health officers to make some examination of the premises from which it is proposed to remove the contents of a privy vault or vaults, and after the removal it seems that the duty is imposed upon the board of health of seeing that the premises are properly disinfected, and also that the work of the person removing the contents has been properly done, and we say that an ordinance providing for a reasonable charge for this supervision, it being a burden imposed to some extent upon the city by the work being done by persons engaged in this occupation, such a charge, if not exceeding what would be reasonable or necessary to defray this expense, together with a charge for collecting, and the service of issuing the permit, might be sustained; but it does not seem to us that a charge which is to cover the expense of disinfecting the privy vaults, the expense of which should fall upon the owner or occupier of the premises, or upon the city, can be imposed upon the person who performs a part of the duty of removing the contents and cleaning up the premises.

For the reasons stated, and the further reasons given in the decision to which I have referred, the judgment of the court of common pleas will be affirmed. I do not know that I have stated what that judgment was, but I will say now that the court of common pleas following the decision of this court to which I have referred, directed a verdict for the plaintiff and judgment was entered upon that verdict.